formation on an application for a driver's license).

Here, the fact is that one state, Missouri, would not admit her because of her conviction. Had we had knowledge of her record, she might not have been allowed to practice in Pennsylvania in the first place, in the absence of explanation, and I am convinced that we should return to that starting point, even considering the Hearing Committee's recommendation of a suspension for three years.

The method of accomplishing that purpose is to issue a Rule to Show Cause in order to have Deborah Griffin explain to this Court the reasons for her conduct and why she should be allowed to practice here. The Commonwealth should be made whole by reverting our consideration to the point of admission. I view fraud in the admission procedure as equal to fraud on the Court in that all subsequent activities must be tainted and invalid.

OFFICE OF DISCIPLINARY COUNSEL, Petitioner,

v.

C. Van YOUNGMAN, Respondent.

No. 14, Disciplinary Docket No. 3.
No. 10, DB 91—Disciplinary Board.

Supreme Court of Pennsylvania.

Feb. 3, 1994.

*ORDER*

PER CURIAM:

AND NOW, this 3rd day of February, 1994, upon consideration of the Report and Recommendations of the Disciplinary Board dated December 9, 1993, it is hereby

ORDERED that C. VAN YOUNGMAN, be and he is SUSPENDED from the Bar of this Commonwealth for a period of five (5) years, and he shall comply with all the provisions of Rule 217 Pa.R.D.E.

It is further ORDERED that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

OFFICE OF DISCIPLINARY COUNSEL, Petitioner,

v.

David H. SHREVE, Respondent.

No. 890, Disciplinary Docket No. 2.
Disciplinary Board Nos. 89
DB 91 and 1 DB 92.

Supreme Court of Pennsylvania.

Feb. 3, 1994.

*ORDER*

PER CURIAM:

AND NOW, this 3rd day of February, 1994, a Rule having been issued upon respondent on November 16, 1993, to show cause why he should not be placed on temporary suspension pursuant to Rule 208(f), Pa. R.D.E., and no response thereto having been filed, it is hereby

ORDERED that the Rule is made absolute; respondent is placed on temporary suspension pursuant to Rule 208(f), Pa.R.D.E.; and he shall comply with the provisions of Rule 217, Pa.R.D.E.